## Parmer's Estate.

*Orphans' court—Findings of fact—Evidence—Review.*

A finding of fact by the orphans' court that a testator in his lifetime had turned over a sum of money to his son named as executor of his father's will to be distributed among testator's heirs, will not be reversed by the appellate court where such finding is based upon competent evidence, and there is no manifest error.

Argued Nov. 11, 1913. Appeal, No. 73, Oct. T., 1912, by Henry K. Parmer, from decree of O. C. Lancaster Co., Aug. T., 1905, No. 4, dismissing exceptions to ad-

76 PARMER'S ESTATE.

Statement of Facts—Opinion of the Court.    [56 Pa. Superior Ct.

judication in Estate of Henry J. Parmer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*John M. Groff*, with him *B. F. Davis*, for appellant.

*H. Frank Eshleman*, for appellee.

OPINION BY HENDERSON, J., February 20, 1914:

The decree entered by the orphans' court is abundantly sustained by the circumstances of the parties and the evidence introduced. The receipt by the appellant of the money from his father shortly before the death of the latter is not disputed, nor is there any controversy in regard to the allegation of Mrs. Stigelman that the money so received was taken possession of by the appellant and disbursed by him among all of the persons entitled thereto except her. The will of the decedent was probated and letters testamentary thereon were issued to Emanuel R. Palmer and the appellant who were named as executors in the will. Henry K. Palmer managed the business and paid out the fund. The court refused to credit the appellee's statement that his father turned the money over to him and his brother for the purpose of defeating a claim asserted against the father, and the action of the court in so doing is not open to criticism. The weight of the evidence is in favor of the appellee's contention that the money was received by the sons as the property of their father to be distributed after his death among his heirs, and nothing disclosed in the case in the argument of the learned counsel for the appellant would justify a reversal.

The decree is affirmed.